IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

CLYDE JOHNSON,

      Plaintiff

  VS.

ALEXIS CHASE, *et. al.*,

      Defendants

NO. 5:06-CV-377 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# RECOMMENDATION

  Currently pending before the court is defendant's MOTION FOR SUMMARY JUDGMENT. Tab #26. This motion is supported by a brief, statement of undisputed material facts, several affidavits, and numerous other exhibits. Also pending before the court is plaintiff's CROSS MOTION FOR SUMMARY JUDGMENT. Tab #34. Plaintiff's motion is supported by a brief, exhibits, and an affidavit.

## LEGAL STANDARD

### A. Summary Judgment

  Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). " If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the non-movant).

DISCUSSION

As noted above, summary judgment can only be granted if there are no genuine issues of material fact and if the moving the moving party is entitled to judgment as a matter of law. Thus, in order for the defendants to prevail on their MOTION FOR SUMMARY JUDGMENT, they must first demonstrate to the court the basis for their motion by identifying those portions of the record which they believe show that there is an *absence* of any genuine issue of material fact and that they are entitled to judgment as a matter of law. Having reviewed the defendants' comprehensive brief, statement of undisputed material facts, affidavits, exhibits, and all factual inferences drawn therefrom in a light most favorable to the plaintiff, it appears to the undersigned that defendants have made the requisite demonstration.[2]

Having done so, the burden shifts to the plaintiff to establish that there are genuine issues of material fact to be resolved by a fact finder. As noted above, the plaintiff cannot merely rest upon his pleadings to present an issue of fact but must respond to the motion by filing affidavits, depositions, and other evidence to persuade the court that there are issues of fact which require resolution by a jury.

Plaintiff's response to the defendants' MOTION FOR SUMMARY JUDGMENT came via his CROSS MOTION FOR SUMMARY JUDGMENT. Tab #34. Attached to the motion is plaintiff's own self-serving affidavit along with photocopies made from an unidentified source containing information about some of the medications plaintiff is taking. These photocopies contain hand-written notations which appear to have been made by plaintiff's sister. Conspicuously absent from plaintiff's motion is any statement of undisputed material facts as required by Fed.R.Civ.P. 56 and Local Rule 56. Also absent from the plaintiff's CROSS MOTION FOR SUMMARY JUDGMENT are any citations to the record in the case identifying the existence of a disputed material fact. For these, as well as the reasons contained in the defendant's RESPONSE to plaintiff's CROSS MOTION FOR SUMMARY JUDGMENT (Tab #35) which is hereby adopted by reference, the undersigned **RECOMMENDS** that defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED** and that plaintiff's CROSS MOTION FOR SUMMARY JUDGMENT be **DENIED**.

---

[2] The court notes that the defendants' have filed well in excess of 500 pages in support of their MOTION FOR SUMMARY JUDGMENT.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 22nd day of AUGUST, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE